■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN NELSON, True Name COLIN WERTS, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered October 27, 1988, convicting defendant, upon his plea of guilty, of robbery in the first degree and sentencing him as a predicate violent felony offender to an indeterminate term of imprisonment of from six to twelve years, unanimously affirmed.

There is no jurisdictional or constitutional basis for defendant's claim that appellate review of the alleged prosecutorial misconduct at the grand jury proceeding survived the plea of guilty. The prosecutor's comments made in response to a grand juror's question concerning whether the knife allegedly used in the robbery was subjected to a fingerprint check had no effect on the proof presented to the grand jury. The response, in which the prosecutor explained why he thought a knife would never be fingerprinted in a case such as this, neither tended to link the knife to defendant nor discourage the grand jurors from exploring the details surrounding its

recovery. The prosecutor also offered to recall the victim to see if he "had any relevant testimony about the knife" but the grand jurors declined the offer. Thus, the proceedings were not rendered "essentially hollow" such as to create a jurisdictional defect. *(People v Bray,* 154 AD2d 692, 697 [Rosenblatt, J., dissenting], *lv denied* 75 NY2d 767.) Nor do defendant's allegations advance a constitutional claim that would survive a guilty plea. *(People v Di Raffaele,* 55 NY2d 234, 240.)

That the court agreed with defense counsel's belief that, despite the guilty plea, the issue would be "preserved" is of no moment since it is well settled that a defendant cannot preserve a legal issue otherwise forfeited by a guilty plea merely by securing the acquiescence of the court and the prosecutor. *(See, People v O'Brien,* 56 NY2d 1009, 1010; *People v Howe,* 56 NY2d 622; *People v Lawrence,* 64 NY2d 200, 207.) Nor does this record conclusively show that the plea was specifically conditioned on the preservation of the issue for appellate review. *(See, People v Levin,* 119 AD2d 698.)

In any event, the prosecutor's comments did not supply misleading or inaccurate information to the grand jurors so as to impair the integrity of the grand jury proceedings. *(People v Monroe,* 125 Misc 2d 550, 556.) Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.