■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELBIE QUINONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered September 27, 1989, convicting him of manslaughter in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his conduct did not create a substantial risk of death and that even if it did, the People did

not prove beyond a reasonable doubt that he was aware of and consciously disregarded that risk *(see,* Penal Law § 15.05 [3]; § 125.15 [1]). Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction of manslaughter in the second degree. The defendant, in front of several witnesses, punched his friend and roommate, Ronald Cardona, four or five times in the face as he was lying on the ground. Cardona, who walked with a cane, was unable to get up. As he was lying there, the defendant grabbed the cane from Cardona and hit him with the curved end on the back of the head. The defendant then raised the cane, as if to strike Cardona a second time, when he was stopped by a third person. Cardona lapsed into a coma and died a few days later. The cause of his death was a subdural hematoma. Since a reasonable inference could be drawn in this case that the defendant acted "recklessly" *(see,* Penal Law § 15.05 [3]; § 125.15) the jury's determination will not be disturbed *(see, People v Kennedy,* 47 NY2d 196; *People v Rabbit,* 123 AD2d 722, 723, *affd* 70 NY2d 663).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.