■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DAYAO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered October 16, 1990, convicting him manslaughter in the second degree, criminal possession of a weapon in the fourth degree, criminal possession of stolen property in the

third degree, and unauthorized use of a vehicle in the third degree,.after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he is only guilty of criminally negligent homicide, rather than manslaughter in the second degree. To establish manslaughter in the second degree, the prosecution must prove the creation of a substantial and unjustifiable risk, an awareness and disregard of that risk on the part of the defendant, and a resultant death *(see, People v Licitra,* 47 NY2d 554, 558). Where a defendant fails to perceive the risk, he can only be found criminally negligent.

Viewing the evidence adduced at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The evidence of the actions of the defendant and his cohorts in chasing their victim, surrounding him in a semi-circle on the parking lane of a well travelled parkway, and beating him so that his only avenue of escape would be into the traffic lanes of the thoroughfare, established that the defendant created a substantial and unjustifiable risk of which he was aware *(see, People v Kern,* 149 AD2d 187).

In view of the violent, unprovoked, and heinous nature of this crime, as well as the defendant's prior criminal history, his disregard for human life, and the absence of remorse for his actions, we find that the imposition of the maximum sentence was appropriate *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.