■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEIL JOHNSON, Appellant. [605 NYS2d 351] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered October 16, 1990, convicting him of manslaughter in the second degree, criminal possession of a weapon in the fourth degree (two counts), criminal possession of stolen property in the third degree, grand larceny in the third degree, and unauthorized use of a motor vehicle in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial, when viewed in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), provided more than a sufficient basis upon which a rational trier of fact could have determined that the acts of defendant and his companions in pursuing their hapless 14-year-old victim, encircling him on the parking lane of a well-traveled parkway, and violently beating him with sticks so that his only avenue of escape would be into the traffic lane of a well-traveled thoroughfare, created a substantial and unjustifiable risk of which the defendant was aware and disregarded. We find that the prosecution met its burden of establishing manslaughter in the second degree *(see, People v Licitra,* 47 NY2d 554, 558; *People v Dayao,* 187 AD2d 525; *People v Kern,* 149 AD2d 187, *affd* 75 NY2d 638, *cert denied* 498 US 824).

In view of the senseless and unprovoked nature of this crime, the defendant's utter indifference toward human life, and his prior violent criminal history, we find no impropriety in the imposition of the maximum permissible sentence *(see, People v Suitte,* 90 AD2d 80). We have examined the defendant's *pro se* arguments and find them to be unpreserved for appellate review, and, in any event, without merit. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.