(July 9, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEAFORD BENNETT, Appellant. [676 NYS2d 60] —Judgment, Supreme Court, Bronx County (Elbert Hinkson, J.), rendered November 29, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

Defendant's claim of insufficiency of the evidence before the Grand Jury is not reviewable on appeal since the judgment of conviction was based upon legally sufficient trial evidence (CPL 210.30 [6]). Furthermore, there is no basis for finding that the integrity of the Grand Jury proceedings was impaired. The certifications on the laboratory reports questioned by defendant rendered the reports self-authenticating and admissible before the Grand Jury since each contained a statement, made under penalty of perjury, that the report was a true and full copy of the original "made by me" (*Matter of Deshone C.*, 207 AD2d 756, *lv denied* 85 NY2d 801).

With respect to the issue of whether or not defendant was present at sidebar conferences during the jury voir dire, a review of the minutes of the reconstruction hearing previously directed by this Court (*People v Bennett*, 238 AD2d 138) indicates that defendant met his burden of proving his absence at such conferences by a preponderance of the evidence (*People v Childs*, 247 AD2d 319). However, such minutes also indicate that defendant discussed the jury voir dire proceedings with his counsel and authorized his counsel to make all necessary decisions in connection with selection of jurors. That testimony, together with defendant's consent stated on the trial record, satisfactorily indicates that defendant entered a knowing, intelligent and voluntary waiver of his right to be present at sidebar conferences during the jury voir dire, with the understanding that he would be permitted to be present if his counsel so requested (*see, People v Irving*, 234 AD2d 31, *lv denied* 89 NY2d 924; *People v Patterson*, 227 AD2d 348, *lv denied* 88 NY2d 991). The totality of the record of the trial and reconstruction hearing establishes that defendant delegated to counsel the authority to determine whether defendant's presence would be necessary for any particular sidebar conference. Concur—Sullivan, J. P., Rosenberger, Tom and Andrias, JJ.