■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. REYNOLDS, Appellant. [704 NYS2d 398] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the second degree (Penal Law § 125.15 [1]) and sentencing him to an indeterminate term of imprisonment of 4 to 12 years. Defendant's appeal brings up for review the denial of defendant's motion to set aside the verdict pursuant to CPL article 330. On appeal, defendant contends that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence; that County Court erred in failing to charge the jury concerning the definition of circumstantial evidence and the "moral certainty" standard; that the court violated CPL 270.35 and otherwise erred in discharging a sworn juror without conducting a probing inquiry and, in so doing, deprived defendant of his right to be present at a critical stage of trial; that the court erred in refusing to recuse itself from defendant's CPL 330.30 motion; that the verdict should be set aside on the ground of juror misconduct; and that the sentence is unduly harsh or severe.

The conviction is supported by legally sufficient evidence (*see, People v Williams*, 84 NY2d 925, 926), and the verdict is

not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The People were required to prove that defendant recklessly caused the death of the victim (*see*, Penal Law § 125.15 [1]), i.e., that defendant was aware of and consciously disregarded a substantial and unjustifiable risk of death (*see*, Penal Law § 15.05 [3]; *see generally, People v Johnson*, 199 AD2d 418, *lv denied* 83 NY2d 854). Although no one could specifically identify defendant as one of the individuals who attacked the victim, defendant fit the description of one of those attackers as a dark-haired man wearing a dark shirt. Moreover, the testimony of various witnesses placed defendant in proximity to the victim throughout the attack and established that no one in that vicinity abstained from the attack. Further, defendant fled the scene upon the arrival of police, showing his consciousness of guilt. Under the circumstances, the testimony and the logical inferences to be drawn therefrom support a finding that defendant punched and kicked the victim and thus recklessly caused his death (*see, People v Peck*, 192 AD2d 746, 747; *People v Quinones*, 177 AD2d 519, 520, *lv denied* 79 NY2d 862; *cf., People v Bridenbaker*, 266 AD2d 875; *People v Figueroa*, 143 AD2d 767, *lv denied* 73 NY2d 855; *People v Osburn*, 124 AD2d 1048, 1049, *lv denied* 69 NY2d 748, 831).

In any event, defendant was charged both as a principal and as an accomplice. Penal Law § 20.00 provides, "When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct." Here, the evidence is sufficient to show that defendant requested, solicited, commanded or importuned the acts leading to the victim's death, and that he led the pursuit of the victim and his companions. To be weighed against that evidence was defendant's denial of involvement and the attempts by defendant to depict himself as a peacemaker throughout the exchange of insults and epithets that preceded the melee. Weighing that evidence, we conclude that the jury did not fail to give the evidence the weight it should have been accorded on the issue of defendant's culpability as a principal or an accomplice.

Defendant's contention that the court erred in failing to define circumstantial evidence in its charge to the jury is unpreserved for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

There is no merit to defendant's contention that the court erred in refusing to charge the "moral certainty" test for evaluating circumstantial evidence. Evidence of defendant's guilt was not purely circumstantial (*see, People v Daddona*, 81 NY2d 990, 992; *People v Barnes*, 50 NY2d 375, 379-380). With respect to defendant's complicity, there was direct evidence (*see, People v Daddona, supra*, at 992) establishing that defendant urged his accomplices to assault the three men (*see, People v Roldan*, 88 NY2d 826, 827; *People v Blount*, 265 AD2d 237). A moral certainty instruction is not required merely because the proof with respect to any particular element—here, intent—is wholly circumstantial (*see, People v Johnson*, 65 NY2d 556, 561, *rearg denied* 66 NY2d 759; *People v Miller*, 255 AD2d 460, *lv denied* 94 NY2d 826).

We reject defendant's contention that reversal is required based on the court's alleged violation of CPL 270.35 in discharging a sworn juror for cause. Defense counsel demanded that the juror be discharged (*see, People v Joy*, 206 AD2d 440, *lv denied* 84 NY2d 869) and did not ask that the juror be questioned directly. There is no basis for defendant now to complain about the court's handling of that matter (*cf., People v Torres*, 80 NY2d 944, 945, *rearg denied* 81 NY2d 784; *People v Santiago*, 255 AD2d 63, 67-69, *lv denied* 94 NY2d 829).

Nor did the court violate defendant's right to be present at a critical stage of trial. A conference leading to the court's discharge of a sworn juror is not a critical stage of trial at which a defendant must be present (*see, People v Aguilera*, 82 NY2d 23, 34; *People v Torres, supra*, at 945). In any event, defendant was present during the entire conference leading to that determination, although not present when the court informed the juror of his discharge.

There was no error in the refusal of the court to recuse itself from defendant's CPL 330.30 motion because there was no valid basis for doing so (*see generally, People v Moreno*, 70 NY2d 403, 405-407). The evidence at the hearing established that the jurors were not subjected to any improper outside influence (*see*, CPL 330.30 [2]; *People v Leonard*, 252 AD2d 740, 741, *lv denied* 92 NY2d 983; *People v Gonzales*, 228 AD2d 722, *lv denied* 88 NY2d 1021). We have considered defendant's challenge to the severity of the sentence and conclude that it is without merit. (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Manslaughter, 2nd Degree.) Present—Pine, J. P., Wisner, Hurlbutt and Balio, JJ.