■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN NICHOLAS, Appellant. [708 NYS2d 861] —Judgment, Supreme Court, Bronx County (John Stackhouse, J., on motion to dismiss; Gerald Sheindlin, J., at plea and sentence), rendered March 19, 1997, convicting defendant of attempted criminal sale of a controlled substance in the third degree, and sentencing him to time served, unanimously affirmed.

By pleading guilty, defendant forfeited his right to appellate review of the denial of his motion to dismiss the indictment on the ground of alleged insufficiency of the evidence presented to the Grand Jury, and his attempt to reserve that right was ineffectual notwithstanding any acquiescence by the court and prosecutor in the placing of such a condition on the plea (*People v Thomas*, 53 NY2d 338; *People v Rivera*, 267 AD2d 40; *People v Nelson*, 173 AD2d 205, 206, *lv denied* 78 NY2d 956). Defendant's claim that the introduction of alleged hearsay impaired the integrity of the Grand Jury proceeding is unpre-

served and we decline to review it in the interest of justice. Were we to review this claim, we would find that the laboratory reports in question, each of which bore a certification that it was "made by" the signing technician, satisfied the requirements of CPL 190.30 (2) (*People v Bennett*, 252 AD2d 369), and that even if there were some defect in the certification, this defect would not rise to the level of impairment of the integrity of the proceeding warranting the drastic remedy of dismissal (*see, People v Nelson, supra; compare, People v Huston*, 88 NY2d 400). Concur—Ellerin, J. P., Wallach, Lerner and Saxe, JJ.