■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL D. GONCALVES, Appellant. [725 NYS2d 776] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [1]), defendant contends that he was denied effective assistance of counsel. We disagree. Although defense counsel did not appear for two scheduled pretrial court appearances, defendant was not prejudiced thereby. Defendant failed to 'establish that there was an absence of strategic or other legitimate explanation for defense counsel's failure to request *Mapp* or *Huntley* hearings (*see, People v Rivera,* 71 NY2d 705, 709; *People v Workman,* 277 AD2d 1029, *lv denied* 96 NY2d 764). Defense counsel made cogent opening and closing statements, presented a reasonable although unsuccessful defense, cross-examined the prosecutor's witnesses and called witnesses on defendant's behalf. We conclude that "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147).

We reject defendant's further contention that the prosecutor violated County Court's *Sandoval* ruling. At the *Sandoval* hearing, the court determined that the prosecutor could ask only whether defendant was convicted of a misdemeanor in July 1992, and could not reveal the nature of the conviction unless defendant denied having been convicted of the misdemeanor. When the prosecutor asked defendant whether he had been so convicted, however, defendant asked the prosecutor to identify the crime. Consequently, defendant cannot now be heard to complain that the prosecutor responded to defendant's question. In any event, the court instructed the jury on several occasions that proof of prior convictions could not be considered proof of the instant charge. We further reject the contention of defendant that he was deprived of a fair trial by two comments of the prosecutor during summation (*see, People v Curley,* 159 AD2d 969, 970, *lv denied* 76 NY2d 733).

The court properly denied defendant's request for a moral certainty charge. Such a charge is not mandated where evidence of defendant's guilt is both direct and circumstantial (*see, People v Daddona,* 81 NY2d 990, 992). Here, there was direct evidence that the snowmobile was stolen and that it was in defendant's possession. A moral certainty charge was not

required merely because the proof with respect to the element of defendant's knowledge was circumstantial (*see, People v Reynolds,* 269 AD2d 735, 737, *lv denied* 95 NY2d 838, *cert denied* 531 US 945). (Appeal from Judgment of Oswego County Court, McCarthy, J.—Criminal Possession Stolen Property, 4th Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Lawton, JJ.