Appeal from a judgment of Monroe County Court (Geraci, Jr., J.), entered October 6, 2000, and this Court on December 30, 2002, having entered an order holding the case, reserving decision and remitting the matter to Monroe County Court for further proceedings in accordance with the memorandum (300 AD2d 1098 [2002]) and said proceedings have been had and terminated.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: We held this case, reserved decision and remitted this matter to County Court for a reconstruction hearing on the issue whether defendant was absent from sidebar conferences with prospective jurors (People v Allen, 300 AD2d 1098 [2002]). Contrary to the contention of defendant, he “failed to meet his burden of coming forward with substantial evidence *948 establishing his absence” from the sidebar conferences (People v Foster, 1 NY3d 44,48 [2003]; see People v Jackson, 296 AD2d 658, 659 [2002], lv denied 98 NY2d 768 [2002]; People v Mack, 293 AD2d 762 [2002], lv denied 98 NY2d 699 [2002]; People v Bennett, 252 AD2d 369 [1998], lv denied 92 NY2d 980 [1998]). The testimony of the prosecutor and stenographer supports the court’s finding that defendant was present during all sidebar conferences.
By presenting evidence after the court denied his motion to dismiss at the close of the People’s case, defendant waived subsequent review of that determination, and defendant failed to renew the motion at the close of all the proof (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Zeigler, 305 AD2d 1100 [2003]; People v Montana, 298 AD2d 934, 935 [2002], lv denied 99 NY2d 561 [2002]). In any event, the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to the further contention of defendant, the court properly denied his request for a moral certainty charge (see generally People v Daddona, 81 NY2d 990, 992 [1993]). There was direct evidence of defendant’s receipt of the prerecorded buy money for the drug sale (see People v Florez, 265 AD2d 491 [1999], lv denied 94 NY2d 880 [2000]), and a moral certainty charge is not required merely because the proof with respect to a particular element, such as intent, is wholly circumstantial (see People v Reynolds, 269 AD2d 735, 737 [2000], lv denied 95 NY2d 838 [2000], cert denied 531 US 945 [2000]). Present—Pigott, Jr., PJ., Green, Scudder, Lawton and Hayes, JJ.