THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AHKEEM J. WHITFIELD, Appellant. [899 NYS2d 705]—Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered April 22, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of murder in the second degree (Penal Law § 125.25 [1]), arising from the death of the 10-month-old daughter of defendant's girlfriend. Defendant failed to preserve for our review his contention that County Court's instructions to the jury on the charge of murder in the second degree were confusing and misleading inasmuch as he failed to object to those instructions (see People v Bermudez, 38 AD3d 1244 [2007], lv denied 8 NY3d 981 [2007]). Defendant likewise failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct on summation (see People v West, 70 AD3d 1508 [2010]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant further contends that the court erred in denying his request for a circumstantial evidence charge. The evidence presented at trial, however, consisted of both circumstantial and direct evidence, and thus the circumstantial evidence charge was not required (see People v Johnson, 21 AD3d 1395 [2005], lv denied 5 NY3d 883 [2005]).

Contrary to the contention of defendant, the court properly refused to suppress his statements to the police. The court concluded that defendant was not in custody when he made those statements, and we accord great deference to the court's findings of fact and credibility determinations, which are supported by the record (see People v Correa, 62 AD3d 406 [2009], lv denied 13 NY3d 743 [2009]; People v Davis, 58 AD3d 896, 898 [2009]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Martoche, Fahey, Green and Gorski, JJ.