# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1400

KA 07-02492

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CHRISTOPHER L. SMITH, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

CHRISTOPHER L. SMITH, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered November 19, 2007.  The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him, upon a jury verdict, of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]).  Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678).  In any event, that contention is without merit (*see People v Green*, 74 AD3d 1899, 1900, *lv denied* 15 NY3d 852; *People v Flecha*, 43 AD3d 1385, *lv denied* 9 NY3d 990; *see generally People v Bleakley*, 69 NY2d 490, 495).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we also conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  Although "an acquittal would not have been unreasonable" in light of defendant's testimony (*Danielson*, 9 NY3d at 348), it cannot be said that the jury failed to give the evidence the weight it should be accorded in concluding that defendant possessed the requisite intent for the commission of the

crimes (*see People v Simcoe*, 75 AD3d 1107, 1108-1109, *lv denied* 15 NY3d 924).  The jury " 'see[s] and hear[s] the witnesses[ and thus] can assess their credibility and reliability in a manner that is far superior to that of [this Court, which] must rely on the printed record' " (*People v Horton*, 79 AD3d 1614, 1615, *lv denied* 16 NY3d 859, quoting *People v Lane*, 7 NY3d 888, 890), and we perceive no reason to disturb the jury's credibility determinations.

We reject the further contention of defendant that County Court erred in denying his request for a circumstantial evidence charge.  "A circumstantial evidence charge is required [only] where the evidence against a defendant is 'wholly circumstantial' " (*People v Guidice*, 83 NY2d 630, 636, quoting *People v Silva*, 69 NY2d 858, 859; *see People v Daddona*, 81 NY2d 990, 992).  Here, however, "[t]he evidence presented at trial . . . consisted of both circumstantial and direct evidence, and thus a circumstantial evidence charge was not required" (*People v Whitfield*, 72 AD3d 1610, *lv denied* 15 NY3d 811; *see e.g. People v Allen*, 1 AD3d 947, *lv denied* 1 NY3d 594; *People v Goncalves*, 283 AD2d 1005, *lv denied* 96 NY2d 918).

By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his contention that the court abused its discretion in allowing the prosecutor to question defendant concerning the underlying facts of a youthful offender adjudication (*see People v Goodrum*, 72 AD3d 1639, *lv denied* 15 NY3d 773).  In any event, defendant's contention is without merit.  Although it is "impermissible to use a youthful offender . . . adjudication as an impeachment weapon, because '[those] adjudications are not convictions of a crime' . . ., the [prosecutor] may bring out 'the illegal or immoral acts underlying such adjudications' " (*People v Gray*, 84 NY2d 709, 712; *see People v Smikle*, 82 AD3d 1697, *lv denied* 17 NY3d 801).

Contrary to defendant's further contention, the sentences imposed for attempted murder and assault are not unduly harsh or severe, particularly in view of the serious nature of the offenses and the lack of remorse displayed by defendant.  In addition, "[t]he fact that defendant's sentence was greater than that of his codefendant[, who accepted a plea agreement,] does not substantiate his [contention] that he was improperly punished for going to trial" (*People v Elwood*, 80 AD3d 988, 990, *lv denied* 16 NY3d 858).

Defendant failed to preserve for our review the contention in his pro se supplemental brief that he was deprived of a fair trial by prosecutorial misconduct during summation inasmuch as he did not object to the alleged improprieties (*see People v Roman*, 85 AD3d 1630, 1631-1632, *lv denied* 17 NY3d 821).  Defendant likewise failed to preserve for our review the contention in his pro se supplemental brief that the consciousness of guilt based on flight charge was improper (*see generally Whitfield*, 72 AD3d 1610).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We have reviewed the remaining contention of defendant in his pro se

supplemental brief and conclude that it is without merit.

Entered: December 23, 2011

Frances E. Cafarell
Clerk of the Court