# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**768**

**KA 11-01588**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHN G. JOHNSON, JR., DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Thomas R. Morse, A.J.), rendered February 11, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We reject defendant's contention that defense counsel was ineffective for failing to move to suppress the handgun and cell phone that defendant dropped when he was fleeing from the police and for failing to object to the police officers' testimony at trial that they were assigned to a robbery detail on the night in question. Defendant failed to demonstrate that the motion and objection, " 'if made, would have been successful and that defense counsel's failure to make that motion [and objection] deprived him of meaningful representation' " (*People v Bassett*, 55 AD3d 1434, 1437-1438, *lv denied* 11 NY3d 922; *see People v Bedell*, 114 AD3d 1153, 1153). Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Contrary to defendant's further contention, County Court did not err in failing to provide a moral certainty charge, inasmuch as there was both direct and circumstantial evidence of guilt (*see People v Allen*, 1 AD3d 947, 948, *lv denied* 1 NY3d 594; *People v Goncalves*, 283 AD2d 1005, 1005-1006, *lv denied* 96 NY2d 918). We reject defendant's contention that the court abused its discretion in denying his motion for a mistrial based on the hearsay testimony of a prosecution

witness.  "[T]he decision to grant or deny a motion for a mistrial is within the trial court's discretion" (*People v Ortiz*, 54 NY2d 288, 292).  Here, the court did not abuse its discretion in denying defendant's motion for a mistrial and instead providing the jury with a strong curative instruction directing them to disregard the improper testimony, which "the jury is presumed to have followed" (*People v DeJesus*, 110 AD3d 1480, 1482, *lv denied* 22 NY3d 1155).

Defendant failed to seek a ruling on that part of his omnibus motion seeking to suppress identification testimony on the ground that the police were required to obtain a warrant before searching the content of his cell phone, which content was used to obtain a photograph of defendant for inclusion in a photo array, and we further note that he did not object to the admission of the identification testimony at trial on that ground.  Defendant therefore has abandoned any contention that the identification testimony should have been suppressed on that ground (*see People v Adams*, 90 AD3d 1508, 1509, *lv denied* 18 NY3d 954).  We reject defendant's contention that his Confrontation Clause rights were violated by an officer's testimony regarding the photographs contained in the cell phone, inasmuch as those photographs were not " 'procured with a primary purpose of creating an out-of-court substitute for trial testimony' " (*People v Pealer*, 20 NY3d 447, 453, *cert denied* ___ US ___, 134 S Ct 105, quoting *Michigan v Bryant*, 562 US ___, ___, 131 S Ct 1143, 1155).  Defendant failed to preserve for our review his further contentions that the court erred in failing to issue a limiting instruction with respect to the officers' testimony that they were assigned to a robbery detail on the night in question (*see People v Williams*, 107 AD3d 1516, 1516, *lv denied* 21 NY3d 1047), and that he was denied a fair trial based on prosecutorial misconduct on summation (*see People v Irvin*, 111 AD3d 1294, 1296).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Finally, defendant's contention that the court misapprehended its sentencing discretion with respect to the period of postrelease supervision is unsupported by the record, and the sentence is not unduly harsh or severe.

Entered: June 20, 2014                    Frances E. Cafarell
                                          Clerk of the Court