■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. SMITH, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered December 5, 1983, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606). Mollen, P. J., Bracken, Lawrence, Kooper and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE SWAIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Glass, J.), rendered November 2, 1983, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There was sufficient evidence presented at the trial from which the jury could infer that the defendant intended to commit a crime inside the premises, particularly in view of the circumstances surrounding the break in (see, People v Barnes, 50 NY2d 375, 381; People v Mackey, 49 NY2d 274, 280; People v Gilligan, 42 NY2d 969).

We have frequently condemned the language which the court used in its instruction on reasonable doubt (see, e.g., People v Smith, 121 AD2d 411; People v Fisher, 112 AD2d 378; People v Harvey, 111 AD2d 185). However in the case at bar a new trial is not warranted since the error of law has not been preserved for our review (see, CPL 470.05 [2]; People v Martinez, 118 AD2d 661), and, moreover, the charge as a whole adequately conveyed to the jury the appropriate burden of proof (see, People v Samuels, 121 AD2d 751; People v Valdivia, 108 AD2d 885). Mollen, P. J., Thompson, Weinstein and Rubin, JJ., concur.