■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED MCGREW, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered March 31, 1987, convicting him of criminal possession of a weapon in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. No questions of fact have been raised or considered.

Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish that the weapon possessed and employed by the defendant in the course of the assault was a "firearm" within the meaning of Penal Law § 265.00 (3) (as amended by L 1982, ch 492, § 1; *see, People v Contes,* 60 NY2d 620). While the complainant was unable to describe the unrecovered weapon with which the defendant shot him, his detailed account of the shooting, the reenactment in which he demonstrated the defendant's stance and the manner in which the defendant held the weapon, together with the bullet recovered at the hospital, support the reasonable inference that the defendant employed a firearm in shooting the complainant.

We are nevertheless compelled to reverse the defendant's conviction and order a new trial because of the trial court's erroneous instructions to the jury. Specifically, the court failed to provide the jury with the applicable definition of a "firearm", but instead charged the jury on the now repealed statutory definition which focused on the subjective element of "concealability" rather than the specific dimensions of the weapon and was the source of much confusion *(see, People v*

*Williams,* 90 AD2d 193, 195). In failing to charge the jury on those portions of the applicable statutory provision which excluded from the ambit of the statute rifles and shotguns as well as those sawed-off weapons which do not meet the criteria set forth in the statute, the court undermined the key defense argument, which sought to hinge the existence of reasonable doubt on the absence of proof of the nature or dimensions of the weapon used and "improperly removed from the jury's consideration" *(People v Lewis,* 64 NY2d 1031, 1032) this argument for, "[n]o matter how conclusive the evidence * * * each of the * * * fundamental facts was for the jury to pass upon" *(People v Walker,* 198 NY 329, 334).

We further note that the court committed error by its failure to respond meaningfully to the jurors' request for an explanation of the distinction between the two degrees of assault in that it merely read back its initial charge rather than giving a supplemental charge to clarify the issue. As a result of these errors, the defendant was deprived of a fair trial and reversal is, therefore, mandated *(see, People v Lewis, supra).* Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.