OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Upon a jury verdict, defendant was convicted of several counts of possession of stolen property and one count of operating as an unlicensed vehicle dismantler. There was eyewitness testimony of surveillant police officers that stolen vehicles were driven to a two-family house in Queens where defendant then directed the drivers of the stolen vehicles into the driveway. Defendant was thereafter seen using arm mo *992 tions and gestures to direct these same vehicles, now missing automobile parts, out of the driveway. Defendant was also seen loading car parts into the back of a station wagon.
Defendant contends that his conviction must be reversed because the trial court failed to give a requested charge to the jury on circumstantial evidence. The Appellate Division agreed that the charge should have been given, but found the error to be harmless.
We affirm on the basis that the trial court did not err in failing to charge the jury on circumstantial evidence. Whenever a case relies wholly on circumstantial evidence to establish all elements of the charge, the jury should be instructed, in substance, that the evidence must establish guilt to a moral certainty (see, People v Ford, 66 NY2d 428, 441). However, where a charge is supported with both circumstantial and direct evidence, the court need not so charge the jury (see, People v Barnes, 50 NY2d 375, 380; People v Gerard, 50 NY2d 392, 397-398; People v Von Werne, 41 NY2d 584, 590).
The criminal possession counts charged were amply supported by direct evidence: there was eyewitness testimony that defendant directed the stolen vehicles in and out of the driveway, thereby establishing, with direct evidence, that he was in constructive possession of the stolen vehicles, or that he was acting in concert with those in physical possession of the stolen vehicles.
Although the evidence supporting the vehicle dismantling count was partially circumstantial because the jury had to infer cars entering the driveway in good condition and exiting without certain parts were being dismantled on the premises, there was also some direct proof supporting the charge, i.e., evidence which tends to establish, without the need of inference, one or more of the particular facts at issue (see, Pease v Smith, 61 NY 477, 484-485; Richardson, Evidence § 3 [Prince 10th ed]).
To establish the count of operating as an unlicensed vehicle dismantler, the People had to show that defendant was (1) acquiring motor vehicles or trailers, (2) for the purpose of dismantling them for parts or reselling as scrap, (3) without a registration (see, Vehicle and Traffic Law § 415-a [1]). Eyewitness testimony established that defendant was actively participating in the acquisition of the stolen motor vehicles, thereby providing direct evidence on the first element. Manifestly, the second element, the intent element, was established circum *993 stantially, but because there was direct evidence that defendant participated in the acquisition of these stolen vehicles, the trial court did not err in failing to give a circumstantial evidence charge.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed in a memorandum.