■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT TAYLOR, Appellant. [599 NYS2d 852] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered August 8, 1990, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the

third degree, criminal possession of a weapon in the fourth degree (four counts), criminal use of drug paraphernalia in the second degree, criminal possession of marihuana in the fourth degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The charges arose out of a so-called "buy and bust" operation which occurred on April 4, 1988, when two undercover police officers entered a building on Crooke Avenue in Brooklyn and purchased crack cocaine. After the officers returned to their car and made a radio transmission to their field team, members of the team entered the building and approached the subject apartment. The officers then proceeded to ram the apartment door and enter the premises with a search warrant, wherein they found the defendant standing in the kitchen with a gun in his hand. The police also found three more guns, drug paraphernalia, marihuana, cocaine having an aggregate weight of over six ounces, and numerous sums of money including $20 of the prerecorded money used by the officers in the "buy and bust" operation. A 14-year-old boy was also in the apartment. The court's charge on reasonable doubt, constructive possession, and accessorial liability gave the jury the appropriate standards with which to evaluate this evidence (see, People v Daddona, 81 NY2d 990).

We find that the defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80). Mangano, P. J., Rosenblatt, O'Brien and Copertino, JJ., concur.