■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEJUAN WYNN, Appellant. [603 NYS2d 848] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered October 23, 1991, convicting defendant, after a jury trial, of manslaughter in the first degree and sentencing him to a term of 7 to 21 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the prosecution, and giving it the benefit of every reasonable inference, we find the evidence sufficient to establish defendant's guilt beyond a reasonable doubt of first degree manslaughter in the shooting death of his girlfriend's stepfather (People v Contes, 60 NY2d 620).

Moreover, we are satisfied that the verdict was not against the weight of that evidence (People v Bleakley, 69 NY2d 490).

Defendant's contention that the People failed to disprove codefendant's justification defense is without merit (see, People v Lee, 185 AD2d 824).

Defendant's challenge to the court's failure to charge the jury that his guilt had to be established beyond a moral certainty is not preserved for appellate review, and we decline to review in the interest of justice. Were we to review, we would find such a charge unwarranted since both direct and circumstantial evidence were presented to establish defendant's culpability (People v Cave, 191 AD2d 704). Further, contrary to defendant's contention, the jury was properly charged on accomplice liability (see, People v Jordan, 187 AD2d 731, lv denied 81 NY2d 842). Similarly, defendant's

contentions concerning the court's justification charge and jury verdict sheet are without merit *(see, People v Davis,* 58 NY2d 1102, 1104; *People v Sotomayer,* 79 NY2d 1029).

Finally, the court's imposition of a prison term, as opposed to Youthful Offender treatment (CPL art 720), was neither an abuse of discretion, nor excessive under the circumstances here present. Concur—Carro, J. P., Rosenberger, Ellerin and Asch, JJ.