■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES SOLIS, Appellant. [625 NYS2d 591] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered January 4, 1993, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence is legally insufficient to support his conviction of criminal possession of a weapon in the third degree is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The People's evidence establishes that the defendant fired a handgun, that he was the only person in possession of a handgun at the time of the incident, and that the victim was found to have suffered two gunshot wounds to the head. This evidence establishes that the defendant was in possession of a loaded firearm within the meaning of Penal Law § 265.00 (15) *(see, People v Cavines,* 70 NY2d 882; *People v Shaffer,* 66 NY2d 663; *People v Aguilar,* 202 AD2d 512; *see also, People v McGrew,* 150 AD2d 729). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (CPL 470.15 [5]).

The sentence that was imposed is not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Ritter, J. P., Altman, Hart and Goldstein, JJ., concur.