■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO PEREZ, Appellant. [687 NYS2d 84] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered September 24, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 15 years to life and 1½ to 4½ years, respectively, unanimously affirmed.

The court properly declined to deliver a circumstantial evidence charge, since the case against defendant did not rest exclusively on circumstantial evidence. Contrary to defendant's argument, a constructive possession case is not necessarily a circumstantial case (*People v Daddona*, 81 NY2d 990, 992). Defendant's constructive possession of the contraband itself, and not merely the apartment in which the contraband was found, was established by direct evidence, namely defendant's close proximity, in a small studio apartment, to about $10,000

worth of cocaine and a gun, both of which were in plain view (*see, People v David*, 234 AD2d 787, *lv denied* 89 NY2d 1034; *People v Robinson*, 225 AD2d 399, 400, *lv denied* 88 NY2d 884). This was not a situation where evidence of dominion and control over an apartment required "the drawing of an additional inference" (*People v Brian*, 84 NY2d 887, 889) to establish dominion and control over contraband contained in the apartment.

We have considered and rejected defendant's remaining claims including those set forth in his *pro se* supplemental brief. Concur—Sullivan, J. P., Ellerin, Williams and Tom, JJ.