■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO MONI, Appellant. [786 NYS2d 176]—

Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered June 26, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The court properly declined to provide a circumstantial evidence charge with respect to the possession count, since there

was both direct and circumstantial evidence of defendant's guilt. This was a constructive possession case in which the evidence did not warrant an additional instruction on circumstantial evidence (*see People v Daddona*, 81 NY2d 990, 992 [1993]; *People v Perez*, 259 AD2d 274 [1999], *lv denied* 93 NY2d 976 [1999]). There was direct evidence of defendant's constructive possession of the contraband itself (*compare People v Brian*, 84 NY2d 887, 889 [1994]), including testimony that the police observed defendant entering and leaving the back room at his place of employment and then engaging in a hand-to-hand transaction with a person who was subsequently apprehended and found in possession of narcotics in identical packaging to those the police found in the back room of the store.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Andrias, Ellerin, Marlow and Sweeny, JJ.