■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN SOBERANIS, Appellant. [860 NYS2d 104]—

Judgment, Supreme Court, New York County (Arlene Goldberg, J.), rendered November 17, 2006, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of 12 years and seven years, respectively, unanimously affirmed.

Defendant's legal sufficiency argument is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also find that the verdict was based on legally sufficient evidence. Furthermore, the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Although it is undisputed that defendant was justified in using a firearm against an armed assailant, the evidence supports the conclusion that the weapon defendant used was already in his possession prior to his justified use of it, and defendant's argument to the contrary is speculative. We also reject defendant's ineffective assistance of counsel claim relating to these issues (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Since the court gave the jury the instruction defendant expressly requested, and since defendant did not object to the instruction as delivered, his challenge to the court's discussion of circumstantial evidence in its charge is unpreserved (*see People v Lewis*, 5 NY3d 546, 551 [2005]; *People v Whalen*, 59 NY2d 273, 280 [1983]) and we decline to review it in the interest of justice. As an alternative holding, we find that there was no need to instruct the jury on the standard of proof in a wholly circumstantial case, since the People did not rely entirely on circumstantial evidence (*see People v Daddona*, 81 NY2d 990, 992 [1993]).

We perceive no basis for reducing the sentence. Concur—Lippman, P.J., Tom, Andrias and Saxe, JJ.