Judgment, Supreme Court, New York County (Carol Berk-man, J., at suppression hearing; Edward J. McLaughlin, J., at jury trial and sentence), rendered December 13, 2006, convicting defendant of criminal possession of a controlled substance in the first degree, and sentencing him to a term of 10 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of eight years, and otherwise affirmed.
The court properly declined to deliver a circumstantial evidence charge since the case against defendant did not rest exclusively on circumstantial evidence (see People v Daddona, 81 NY2d 990, 992 [1993]). The police testimony as to defendant’s presence in a car, in close proximity to a large quantity of drugs, constituted direct evidence. From this direct evidence, the jury could infer defendant’s possession of the drugs on either or both of the theories submitted by the court: constructive possession and the automobile presumption. This was not the type of constructive possession case where the jury would have to draw *379 an additional inference in order to find the underlying facts upon which constructive possession would be based (see People v Moni, 13 AD3d 262 [2004], lv denied 4 NY3d 833 [2005]; People v Perez, 259 AD2d 274 [1999], lv denied 93 NY2d 976 [1999]; compare People v Brian, 84 NY2d 887, 889 [1994]).
Defendant’s remaining contentions concerning the court’s charge are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Viewed as a whole, the court’s charge conveyed the appropriate principles (People v Fields, 87 NY2d 821 [1995]).
We find the sentence excessive to the extent indicated.
We have considered and rejected defendant’s remaining claims, most of which are similar to arguments we rejected on the codefendants’ appeals (People v Rodriguez, 52 AD3d 319 [2008], lv denied 11 NY3d 741 [2008]). Concur — Lippman, EJ., Gonzalez, Moskowitz, Acosta and Renwick, JJ.