THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAYDON BASKERVILLE, Appellant. [869 NYS2d 348]

To preserve a claim that the court improperly denied a "for cause" challenge to a prospective juror, a defendant must exhaust all of his peremptory challenges before the selection of the jury is complete (*see* CPL 270.20 [2]; *People v Lynch*, 95 NY2d 243, 248 [2000]). Here, the defendant failed to do so, and accordingly the argument is unpreserved for appellate review (*see* CPL 270.25 [2] [c]). In any event, the challenged prospective alternate juror unambiguously stated that his prior experience with crime would not impact his ability to render a fair verdict (*see People v LaValle*, 3 NY3d 88, 103 [2004]).

Contrary to the defendant's contention, the County Court properly declined to deliver a full circumstantial evidence charge since there was some direct evidence of the defendant's guilt (*see People v Roldan*, 88 NY2d 826 [1996]; *People v McCoy*, 30 AD3d 441 [2006]).

The defendant's general challenge to comments made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Applewhite*, 50 AD3d 1046 [2008]). In any event, the prosecutor's comments in summation were fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105 [1976]).

Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Mastro, J.P., Miller, Balkin and McCarthy, JJ., concur.