■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MOLINARO, Appellant. [880 NYS2d 91]—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Marrus, J.), rendered October 15, 2007, convicting him of criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that the prosecutor's summation remarks and references to the defendant's grandfather, the Staten Island borough president, constituted reversible error are unpreserved for appellate review since the defense made only a general objection, failed to request curative instructions, and did not timely move for a mistrial on these grounds (see CPL 470.05 [2]; People v Balls, 69 NY2d 641, 642 [1986]; People v Salnave, 41 AD3d 872, 874 [2007]; People v Wright, 5 AD3d 873, 875 [2004]). In any event, most of the remarks in the prosecutor's summation that are challenged by the defendant

on appeal constituted a fair response to defense counsel's summation or fair comment on the evidence, or were within the bounds of permissible rhetorical comment (*see People v Halm*, 81 NY2d 819 [1993]; *People v Turner*, 214 AD2d 594 [1995]; *People v Peterson*, 186 AD2d 231, 232 [1992], *affd* 81 NY2d 824 [1993]). While some of the remarks were improper, they were "not so flagrant or pervasive as to deny the defendant a fair trial" (*People v Almonte*, 23 AD3d 392, 394 [2005]; *see People v Morales*, 168 AD2d 85, 90 [1991]), and thus reversal is not warranted (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Almonte*, 23 AD3d at 394; *People v Roopchand*, 107 AD2d 35, 36 [1985]).

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.