■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD GARSON, Appellant. [892 NYS2d 511]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of his right to a fair trial as a result of trial rulings that purportedly permit-

ted the People to present irrelevant and inflammatory allegations and evidence concerning acts that were beyond the scope of the indictment, while precluding the defense from eliciting evidence that would refute the People's theory of guilt, is unpreserved for appellate review (see CPL 470.05 [2]). In any event, the People's opening statement comments constituted fair comment on the evidence to be presented (see People v Meyers, 13 AD3d 395 [2004]), adequately described what the People intended to prove, and prepared the jury to resolve the factual issues of the trial (see People v Larios, 25 AD3d 569, 570 [2006]; see also People v Kurtz, 51 NY2d 380, 384 [1980]; People v Etoria, 266 AD2d 559 [1999]). The defendant's "fundamental and nonwaivable" right to be tried on only those crimes charged in the indictment, as limited by the bill of particulars, was not violated (People v Greaves, 1 AD3d 979, 980 [2003] [internal quotation marks omitted]).

With respect to whether background information as to how and why the District Attorney's office pursued an investigation into the defendant's conduct giving rise to the charges against him was properly admitted at trial (see People v Tosca, 98 NY2d 660, 661 [2002]; People v Marji, 43 AD3d 961 [2007]; People v Melendez, 8 AD3d 680, 681 [2004]), the court's limiting instruction to the jury alleviated any prejudice to the defendant (see People v Rock, 65 AD3d 558, 559 [2009]). Moreover, the evidence of the defendant's guilt, without reference to the alleged error, was overwhelming, and there is no reasonable possibility that the alleged error might have contributed to his conviction. Thus, any error was harmless beyond a reasonable doubt (see People v Crimmins, 36 NY2d 230, 237 [1975]).

The defendant's contention that the testimony of a particular witness was improperly admitted to fulfill the corroboration requirement of CPL 60.22 (1) is without merit. The defendant opened the door to the admission of certain hearsay telephone recordings and, therefore, the recordings were properly admitted on the People's redirect examination of the witness (see People v Massie, 2 NY3d 179, 180-181 [2004]). Nor is there any merit to the defendant's claim that the defense was improperly precluded from eliciting evidence that would refute the People's theory of guilt. Contrary to the defendant's contention, the evidence he sought to elicit was not relevant to the charges against him, and, therefore, was properly excluded.

Contrary to the defendant's contention, "[s]ince the case against [him] consisted of both direct and circumstantial evidence," he was not entitled to a circumstantial evidence charge (People v Washington, 45 AD3d 880, 880 [2007]; see People v

*Roldan,* 88 NY2d 826, 827 [1996]; *People v Baskerville,* 57 AD3d 911 [2008]).

The sentencing court did not err in imposing consecutive sentences for the conviction of bribe receiving in the third degree (count one in the consolidated indictment) and one of the counts of receiving reward for official misconduct in the second degree (count three in the consolidated indictment), because the offenses were separate and distinct acts (*see People v Laureano,* 87 NY2d 640, 643-644 [1996]).

The defendant's contention that the sentencing court considered improper factors in imposing sentence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Brokenbough,* 52 AD3d 525 [2008]). In any event, the claim is without merit (*see People v Santos-Mispas,* 38 AD3d 923 [2007]). The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Covello, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.

---

Motion by the appellant on an appeal from a judgment of the Supreme Court, Kings County, rendered June 5, 2007, to reject the transcripts of certain videotape recordings which were provided by the respondent. By decision and order on motion of this Court dated November 23, 2009, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and the argument of the appeal, it is

Ordered that the motion is denied. Covello, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.