■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEN KELLEY, Appellant. [900 NYS2d 147]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered December 13, 2005, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, that branch of his omnibus motion which was to suppress his statements to law enforcement officials was properly denied. An unnecessary delay in an arraignment, without more, does not cause the accused's right to counsel to attach automatically, and such a delay is only one factor to consider in assessing the voluntariness of a confession (*see People v Ramos*, 99 NY2d 27 [2002]). Here, there is no evidence that any of the statements made by the defendant were the result of coercive tactics. Rather, they were freely and voluntarily given after the defendant was apprised of and acknowledged his right to counsel. Further, there is nothing in the record to indicate that the police delayed the defendant's arraignment to deprive him of his right to counsel, or that the delay was strategically designed to allow the police to continue to question him outside the presence of an attorney (*see People v Williams*, 297 AD2d 325 [2002]; *People v Diaz*, 280 AD2d 553 [2001]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]) we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that

the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contentions in point one of his supplemental pro se brief relating to alleged *Rosario* (*see People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) and *Brady* (*see Brady v Maryland*, 373 US 83 [1963]) violations are unpreserved for appellate review and, in any event, are without merit. The defendant's contentions raised in points two, three, and four of his main brief relating to the admission of police testimony and various evidence, and in point two of his supplemental pro se brief relating to ineffective assistance of counsel, are without merit. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.