THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN FINKELSTEIN, Appellant. [904 NYS2d 674]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered June 22, 2006, convicting him of grand larceny in the third degree and welfare fraud in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied his motion to dismiss the indictment on the ground of preindictment delay. While the People's approximately 29-month delay from the time the Human Resources Administration referred the matter to the Queens County District Attorney's office until the date the People filed the indictment was extensive, the unrefuted hearing testimony of the assistant district attorney charged with handling the matter, testimony which the Supreme Court credited in its entirety, established good cause for the delay (*see People v Singer*, 44 NY2d 241, 254 [1978]; *see also People v Bryant*, 65 AD2d 333, 338 [1978]), and the other relevant factors all favor the prosecution (*see People v Vernace*, 96 NY2d 886, 888 [2001]; *People v Taranovich*, 37 NY2d 442, 445 [1975]).

Also contrary to the defendant's contention, there was sufficient independent evidence to corroborate the accomplice testimony adduced at trial (*see* CPL 60.22 [1]; *People v Besser*, 96 NY2d 136, 143-144 [2001]; *see also People v Bretti*, 68 NY2d 929, 930 [1986]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfill-

ing our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions raised in his supplemental pro se brief relating to the "moral certainty" standard are unpreserved for appellate review and, in any event, are without merit. Skelos, J.P., Hall, Roman and Sgroi, JJ., concur.