■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SELASSIE EDWARDS, Appellant. [916 NYS2d 237]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered October 15, 2008, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of criminal possession of a weapon in the second degree. The evidence at trial established that five police officers observed the defendant fire a small silver gun toward or above a crowd of people on the corner of Marion Street and Rockaway Boulevard in Brooklyn. Four of the police officers identified the defendant in court. According to the officers, the defendant fired the gun three to seven times. When the officers gave chase, the defendant ran towards 433 Marion Street and, as he was entering the building, pointed the gun at the officers. In response, several police officers discharged their weapons. The defendant then ran into a first floor apartment, and exited through a rear window. Six .25-caliber cartridge casings were recovered from the area where the defendant was observed to have discharged his weapon. A ballistics expert testified that each time a bullet is discharged from a semiautomatic pistol, a cartridge casing is ejected. The gun allegedly fired by the defendant was never recovered, nor were any bullets which were traceable to that gun.

To the extent the defendant contends that the People did not present legally sufficient evidence that the gun was loaded with live ammunition, the argument is not preserved for appellate review because the defendant failed to move for a trial order of dismissal on the basis of that specific claim (*see* CPL 470.05 [2];

*People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt (*see* Penal Law § 265.03 [1] [b]; *People v Bailey*, 19 AD3d 431 [2005]; *see also People v Moore*, 303 AD2d 691 [2003]; *People v D'Amico*, 261 AD2d 635 [1999]; *People v Solis*, 214 AD2d 689 [1995]; *People v Temple*, 165 AD2d 748 [1990]).

Moreover, in fulfilling our responsibility to conduct an independent review of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant received the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Covello, J.P., Dickerson, Hall and Lott, JJ., concur.