■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DAVIS, Appellant. [920 NYS2d 678]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered March 27, 2008, convicting him of predatory sexual assault (four counts), predatory sexual assault against a child (four counts), kidnapping in the second degree, criminal impersonation in the first degree, sexual abuse in the first degree (two counts), sexual abuse in the second degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim of ineffective assistance of counsel, to the extent that it is premised on his attorney's alleged failure to investigate and call potential alibi witnesses, involves matter which is dehors the record and is not properly presented on direct appeal (*see People v Haynes*, 39 AD3d 562, 564 [2007]; *People v Zimmerman*, 309 AD2d 824 [2003]). The record otherwise fails to support the defendant's claim of ineffective assistance inasmuch as it demonstrates that trial counsel rendered meaningful representation to the defendant at all stages of the proceedings (*see People v Ellis*, 81 NY2d 854, 856 [1993]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

"Contrary to the defendant's contention, '[s]ince the case against [him] consisted of both direct and circumstantial evidence,' he was not entitled to a circumstantial evidence charge"

(*People v Garson*, 69 AD3d 650, 651 [2010], quoting *People v Washington*, 45 AD3d 880, 880 [2007]). In addition, the defendant waived appellate review of his argument that the Supreme Court erred in discharging a seated juror, Kathleen B. (*see People v Colon*, 90 NY2d 824 [1997]).

Contrary to the contention raised in point two of the defendant's pro se supplemental brief, the evidence demonstrated that the defendant validly waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]; *People v Osorio*, 49 AD3d 562 [2008]). Furthermore, the photographic array from which the complainant identified the defendant was not unduly suggestive (*see People v Miller*, 33 AD3d 728 [2006]).

The defendant's contentions raised in point one of his main brief regarding the failure to excuse juror William W., and point one and point five of his pro se supplemental brief regarding the alleged denial of his right to an impartial jury, are unpreserved for appellate review and, in any event, without merit. The defendant's remaining contentions, raised in point two of his main brief and points three and six of his pro se supplemental brief, are without merit. Covello, J.P., Eng, Hall and Roman, JJ., concur.