On July 31, 2008, the defendant was arrested after he assaulted his wife, who had a valid order of protection against him. He was charged under indictment No. 424/08 with aggravated criminal contempt in the first degree, criminal contempt in the first degree, and assault in the third degree, and, after a jury trial, was convicted of all three crimes.
On April 27, 2009, the defendant made various threats against his wife in the presence of police officers. Thereafter, he was charged under indictment No. 261/09 with two counts of criminal contempt in the first degree. After a jury convicted him of *703 the second count, the first count of the indictment was dismissed on consent.
On appeal, the defendant contends that the trial court erred during both trials in denying his request for a missing witness charge with respect to his wife, who did not testify in either trial. We note that the People cannot raise the issue of the alleged untimeliness of the defendant’s requests for a missing witness charge for the first time on appeal (see People v Jones, 23 AD3d 399 [2005]; People v Young, 4 AD3d 441, 441-442 [2004] ), and, in any event, the requests were not untimely (see e.g. People v Gonzalez, 68 NY2d 424, 426 [1986]). We find, however, that the trial court properly denied the defendant’s request in both instances, as the record reflects that his wife was not under the People’s control (see People v Monroe, 49 AD3d 900, 901 [2008]; People v Royster, 18 AD3d 375, 375-376 [2005] ; People v Coleman, 306 AD2d 941, 942 [2003]).
With respect to the trial under indictment No. 424/08, the defendant contends that the court erred in failing to provide a moral certainty charge. This contention is unpreserved for appellate review (see People v Finkelstein, 75 AD3d 652, 653 [2010] ; People v Wynn, 198 AD2d 136 [1993]; People v Troy, 162 AD2d 744 [1990]), and is also waived (see People v Cleophus, 81 AD3d 844, 846 [2011]; People v Boone, 269 AD2d 459, 459-460 [2000]). In any event, a moral certainty charge was unwarranted in this case, because both direct and circumstantial evidence were presented to establish the defendant’s culpability (see People v Barnes, 50 NY2d 375, 379-381 [1980]; People v Hinton, 285 AD2d 476, 476-477 [2001]; People v Wynn, 198 AD2d at 136; People v Troy, 162 AD2d at 744).
The defendant’s contention, also with respect to the trial under indictment No. 424/08, that certain statements made by the prosecutor during summation constituted reversible error is unpreserved for appellate review. Defense counsel either did not object to the remarks at issue or made a general one-word objection, and his motion for a mistrial, made after the completion of summations, was untimely (see People v Malave, 7 AD3d 542 [2004]; People v Davis, 272 AD2d 408 [2000]; People v Bruen, 136 AD2d 648, 649 [1988]). In any event, the contention is without merit (see People v Thompson, 81 AD3d 670, 672-673 [2011] , lv granted 18 NY3d 998 [2012]; People v Franklin, 64 AD3d 614, 615 [2009]; People v Diaz, 59 AD3d 459, 460 [2009]).
The defendant’s contention that reversal of his conviction under indictment No. 261/09 is warranted because the People allegedly failed to turn over certain material pursuant to People v Rosario (9 NY2d 286 [1961], cert denied 368 US 866 [1961]) is *704 unpreserved for appellate review (see People v Kelley, 73 AD3d 809, 810 [2010]; People v Seaton, 45 AD3d 875, 876 [2007]). In any event, the record reflects that the material was in fact provided to the defendant’s trial counsel.
Lastly, the defendant’s contention that he received ineffective assistance of counsel under the federal constitutional standard (see Strickland v Washington, 466 US 668 [1984]) with respect to the trial under indictment No. 261/09 is without merit. Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.