Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered November 8, 2007, convicting him of assault in first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
*1014 Ordered that the judgment is affirmed.
On the night of the offense in question, the complainant arranged to purchase drugs from the defendant, from whom he had previously purchased drugs, even though the complainant could not afford to pay for the drugs. After accepting a bag of drugs from the defendant, the complainant, without paying, started to run in the direction of a car in which his friend was waiting. The complainant was then stabbed repeatedly from behind, sustaining serious injuries.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt, including the jury’s determination that the defendant was the individual who committed the crimes of assault in the first degree and criminal possession of a weapon in the third degree, was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that he was entitled to a charge on circumstantial evidence is unpreserved for appellate review (see CPL 470.05 [2]). In any event, in light of the direct evidence of the defendant’s guilt, including the testimony of the complainant and an eyewitness, as well as the defendant’s admissions, the defendant was not entitled to a circumstantial evidence charge (see People v Roldan, 88 NY2d 826, 827 [1996]; People v Daddona, 81 NY2d 990, 992 [1993]; People v Barnes, 50 NY2d 375 [1980]; People v Licitra, 47 NY2d 554, 558 [1979]; People v Garson, 69 AD3d 650 [2010]; People v Iverson, 56 AD3d 491 [2008]).
The defendant’s contentions regarding the prosecutor’s summation comments are unpreserved for appellate review (see People v Romero, 7 NY3d 911, 912 [2006]), and, in any event, do not warrant reversal (see People v Burroughs, 98 AD3d 583, 584 [2012]; People v Kadry, 30 AD3d 440 [2006]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions are without merit. Skelos, J.P, Florio, Leventhal and Hall, JJ., concur.