■ The People of the State of New York, Respondent, v Daniel Torres, Appellant. [969 NYS2d 462]—

Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered May 29, 2012, as amended January 15, 2013, convicting defendant, after a jury trial, of robbery in the first and second degrees, attempted gang assault in the first degree, and assault in the second degree, and sentencing him to an aggregate term of six years, unanimously affirmed.

The assault-related convictions were based on legally sufficient evidence and were not against the weight of the evidence. The evidence supports the inference that when defendant told his companions to "get" the victim, with whom he had just had a physical altercation, he intended for the assailants to commit the ensuing assault (*see generally* Penal Law § 20.00; *People v Allah,* 71 NY2d 830 [1988]). Further, defendant does not dispute that, if we were to find that sufficient evidence supported the jury's conclusion that the "get him" comment revealed his intent that the assailants assault complainant, the same conclusion would apply to the robbery charge.

In any event, the evidence supports the inference that defendant also intended that the assailants take the victim's money. The complainant was collecting entry fees for the party at the club where he and defendant were before the complainant fled (prompting defendant to say "get him") and there was testimony that defendant, who apparently was an owner of the club, paid a great deal of attention to the money being handled by the complainant that evening, reminding him repeatedly to place the money in a box the complainant was holding for that purpose.

Defendant failed to preserve his claim that the court should have given the jury a circumstantial evidence charge, and we decline to review it in the interest of justice. As an alternative holding, we find that no such charge was necessary, because defendant's guilt was established by direct evidence from which the inference of accessorial liability could be inferred (*see People v Roldan,* 88 NY2d 826 [1996]; *People v Daddona,* 81 NY2d 990 [1993]). The court thoroughly instructed the jury on the issues of intent and accessorial liability. For similar reasons, we reject defendant's ineffective assistance of counsel claim. The fact that counsel did not request a circumstantial evidence charge met an objective standard of reasonableness, and the absence of such a charge did not deprive defendant of a fair trial or affect the outcome (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington,* 466 US 668 [1984]).

The court properly exercised its discretion in receiving very

limited evidence that some witnesses were reluctant to testify or cooperate with the police. That evidence was relevant in context and was not unduly prejudicial. By failing to object, by making only generalized objections, and by failing to request further relief after objections were sustained, defendant failed to preserve his remaining claims of prosecutorial misconduct, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. To the extent there were any improprieties, the court's curative actions were sufficient to prevent any prejudice. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ.