■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO JOSEPH, Appellant. [980 NYS2d 805]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered December 21, 2007, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the trial court erred in failing to provide a circumstantial evidence charge to the jury is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Clark*, 100 AD3d 1013 [2012]). In any event, since the People's case against the defendant consisted of both direct and circumstantial evidence, he was not entitled to a circumstantial evidence charge (*see People v Daddona*, 81 NY2d 990, 992 [1993]; *People v Clark*, 100 AD3d 1013 [2012]; *People v Davis*, 83 AD3d 860, 861 [2011]; *People v Garson*, 69 AD3d 650, 651-652 [2010]).

The defendant's contention that reversal is required because of improper remarks made by the prosecutor during summation is unpreserved for appellate review (*see People v Medina*, 53 NY2d 951, 953 [1981]; *People v Read*, 97 AD3d 702 [2012]; *People v Adams*, 93 AD3d 734 [2012]; *People v Gill*, 54 AD3d 965, 966 [2008]), and, in any event, without merit (*see People v Gopaul*, 112 AD3d 966 [2013]; *People v Molinaro*, 62 AD3d 724 [2009]).

The defendant was not denied the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's remaining contention is without merit. Skelos, J.P., Dillon, Hall and Roman, JJ., concur.