Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered December 21, 2007, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
*879 Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that the trial court erred in failing to provide a circumstantial evidence charge to the jury is unpreserved for appellate review (see CPL 470.05 [2]; People v Clark, 100 AD3d 1013 [2012]). In any event, since the People’s case against the defendant consisted of both direct and circumstantial evidence, he was not entitled to a circumstantial evidence charge (see People v Daddona, 81 NY2d 990, 992 [1993]; People v Clark, 100 AD3d 1013 [2012]; People v Davis, 83 AD3d 860, 861 [2011]; People v Garson, 69 AD3d 650, 651-652 [2010]).
The defendant’s contention that reversal is required because of improper remarks made by the prosecutor during summation is unpreserved for appellate review (see People v Medina, 53 NY2d 951, 953 [1981]; People v Read, 97 AD3d 702 [2012]; People v Adams, 93 AD3d 734 [2012]; People v Gill, 54 AD3d 965, 966 [2008]), and, in any event, without merit (see People v Gopaul, 112 AD3d 966 [2013]; People v Molinaro, 62 AD3d 724 [2009]).
The defendant was not denied the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]).
The defendant’s remaining contention is without merit. Skelos, J.R, Dillon, Hall and Roman, JJ., concur.