■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA QUINN, Appellant. [15 NYS3d 455]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered April 14, 2011, convicting him of robbery in the first degree (10 counts), robbery in the second degree (five counts), and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, considering all of the available facts and circumstances, the police possessed probable cause to arrest him (*see People v Bigelow*, 66 NY2d 417, 423 [1985]) and, therefore, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence obtained after his arrest (*see People v Vasquez*, 94 AD3d 915 [2012]; *People v Francis*, 44 AD3d 788, 789 [2007]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of 10 counts of robbery in the first degree, five counts of robbery in the second degree, and two counts of criminal possession of a weapon in the second degree, under an accomplice theory of liability, beyond a reasonable doubt (*see People v Cabrera*, 85 AD3d 942 [2011]; *People v Ramos*, 74 AD3d 991, 992 [2010]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the jury instructions were improper is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Joseph*, 114 AD3d 878, 879 [2014]; *People v Capehart*, 61 AD3d 885, 886 [2009]) and, in any event, without merit. Since the case against the defendant consisted of both direct and circumstantial evidence, he was not entitled to a circumstantial evidence charge (*see People v Daddona*, 81 NY2d 990, 992 [1993]; *People v Joseph*, 114 AD3d at 879; *People v Garson*, 69 AD3d 650, 651-652 [2010]). Moreover, contrary to the defendant's contention, the charge as a whole adequately conveyed to the jury the appropriate burden of proof (*see People v Samuels*, 99 NY2d 20, 25-26 [2002]; *People v Swain*, 126 AD2d 763 [1987]; *People v Man Lee Lo*, 118 AD2d 225, 231-232 [1986]).

The defendant's contention that reversal is required because of improper remarks made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Terry*, 122 AD3d 882 [2014]; *People v Collins*, 122 AD3d 873, 874 [2014]) and, in any event, is without merit (*see People v Quezada*, 116 AD3d 796, 798 [2014]; *People v Molinaro*, 62 AD3d 724, 724-725 [2009]).

The defendant was not deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

In his pro se supplemental brief, the defendant challenges the sufficiency of the evidence presented to the grand jury. "Since the defendant's guilt was proven beyond a reasonable doubt at trial, there can be no appellate review of the issue of whether a prima facie case was presented to the grand jury" (*People v Folkes*, 43 AD3d 956, 957 [2007]; *see* CPL 210.30 [6]; *People v Parker*, 74 AD3d 1365, 1366 [2010]). Balkin, J.P., Roman, Maltese and Barros, JJ., concur.