1144

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JONES, Appellant. [30 NYS3d 329]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered December 12, 2012, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

To the extent the defendant contends that the People did not present legally sufficient evidence that the gun he was charged with having possessed was operable, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt (*see* Penal Law § 265.03 [3]; *People v Samba*, 97 AD3d 411, 414-415 [2012]; *People v Edwards*, 81 AD3d 848, 848-849 [2011]; *People v Moore*, 303 AD2d 691, 692 [2003]; *People v D'Amico*, 261 AD2d 635 [1999]; *People v Solis*, 214 AD2d 689, 689 [1995]; *People v Temple*, 165 AD2d 748, 749 [1990]). Furthermore, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The fact that one of the People's witnesses had an unsavory background and testified pursuant to a cooperation agreement did not render his testimony incredible (*see People v Bernard*, 100 AD3d 916, 916-917 [2012]; *People v Chin*, 69 AD3d 752, 752-753 [2010]; *People v Manley*, 60 AD3d 870, 870 [2009]).

The defendant's contentions that the Supreme Court erred in giving the jury a "diluted" charge on assessing the credibility of the witness who testified pursuant to a cooperation agreement and in failing to provide a circumstantial evidence charge are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Joseph*, 114 AD3d 878, 879 [2014]; *People v Gonzalez*, 70 AD3d 855, 855 [2010]; *People v Irizarry*, 298 AD2d 600 [2002]). In any event, both contentions are without merit. The court instructed the jury that it "may consider whether a

witness hopes for or expects to receive a particular benefit for testifying. If so, you may consider whether, and to what extent, that benefit affected the truthfulness of the witness's testimony." This charge was consistent with the current pattern Criminal Jury Instructions (*see* CJI2d[NY] Credibility of Witnesses—Benefit) and "adequately conveyed to the jury the appropriate standard by which to evaluate the testimony of [such a] witness" (*People v Kettreis*, 19 AD3d 706, 707 [2005]; *see People v Jackson*, 74 NY2d 787, 790 [1989]). Further, since the People's case against the defendant consisted of both direct and circumstantial evidence, he was not entitled to a circumstantial evidence charge (*see People v Santiago*, 22 NY3d 990, 991-992 [2013]; *People v Roldan*, 88 NY2d 826, 827 [1996]; *People v Daddona*, 81 NY2d 990, 992 [1993]; *People v Barnes*, 50 NY2d 375, 380 [1980]; *People v Von Werne*, 41 NY2d 584, 590 [1977]; *People v Joseph*, 114 AD3d at 879; *People v Clark*, 100 AD3d 1013, 1014 [2012]; *People v Garson*, 69 AD3d 650, 651 [2010]).

Since the defendant's contentions with respect to the alleged errors in charging the jury are without merit, the failure of trial counsel to request a circumstantial evidence charge, or object to the charge given, cannot be said to have constituted ineffective assistance of counsel (*see People v Fabers*, 133 AD3d 616, 617 [2015]; *People v Torres*, 108 AD3d 474, 475 [2013]; *People v Geddes*, 49 AD3d 1255, 1256-1257 [2008]; *People v Walker*, 274 AD2d 600, 602 [2000]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Leventhal, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.