People v Gardner (2018 NY Slip Op 05689)





People v Gardner


2018 NY Slip Op 05689


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2015-11228
 (Ind. No. 75/15)

[*1]The People of the State of New York, respondent,
v
Clinton P. Gardner, appellant.


Randall D. Unger, Bayside, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Ayelet Sela of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leslie G. Leach, J.), rendered October 28, 2015, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342; People v Romero, 7 NY3d 633).
The defendant's challenge to the Supreme Court's failure to provide a circumstantial evidence charge to the jury is unpreserved for appellate review, as the defendant did not request such a charge or object to the charge as given (see CPL 470.05[2]; People v Jones, 138 AD3d 1144, 1145; People v Joseph, 114 AD3d 878, 879). We decline to review this issue in the exercise of our interest of justice jurisdiction (see People v Hojas, 271 AD2d 547, 547).
Contrary to the defendant's contention, the verdict convicting him of burglary in the second degree and acquitting him of grand larceny in the fourth degree and criminal mischief in the fourth degree was not repugnant. The essential elements of the crime of which the defendant was convicted, as charged by the Supreme Court, differ from the essential elements of the crimes of which he was acquitted (see People v Tucker, 55 NY2d 1, 6-7).
DILLON, J.P., LEVENTHAL, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court