■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY MOORE, Appellant. [669 NYS2d 638] —Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered July 28, 1995, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to the police.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that fingerprint evidence should not have been admitted since the People failed to establish a chain of custody is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, it is well settled that a chain of custody should be tested not by the satisfaction of a technical series of steps, but by whether the proof satisfies the rationale for requiring an evidentiary foundation (*see, People v Julian,* 41 NY2d 340, 344; *People v Stephens,* 189 AD2d 837). Failure to establish a chain of custody may be excused where, as here, the circumstances provide reasonable assurances of the identity and unchanged condition of the evidence (*People v Julian, supra,* at 343, quoting *Amaro v City of New York,* 40 NY2d 30, 35).

Contrary to the defendant's further contention, his statement to the arresting officer after having invoked his right to counsel was a voluntary and spontaneous statement and, therefore, admissible (*see, People v Rivers,* 56 NY2d 476).

The defendant's remaining contentions are without merit. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.