■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE D'AMICO, Appellant. [691 NYS2d 778] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered April 18, 1995, convicting him of reckless endangerment in the first degree (two counts) and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence concerning the operability of the handgun underlying the two counts of reckless endangerment of which he was convicted is unpreserved for appellate review (*see, People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245). In any event, it is without merit. The circumstantial evidence adduced at trial overwhelmingly established the operability of the weapon (*see, People v Arroyo,* 188 AD2d 655; *People v Maeweather,* 159 AD2d 1008; *People v Hechavarria,* 158 AD2d 423).

Furthermore, contrary to the defendant's contentions, the indictment was not insufficient for failing to specify the conduct of which he was being accused or the location of the crime. The indictment as amplified by the bill of particulars provided the defendant with all the notice to which he was entitled (*see, People v Fitzgerald,* 45 NY2d 574; *People v Watt,* 192 AD2d 65, *affd* 84 NY2d 948).

The defendant's remaining contentions are without merit. S. Miller, J. P., O'Brien, Ritter and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD FABELLA, Appellant. [689 NYS2d 403] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated April 1, 1996 (*People v Fabella,* 226 AD2d 392), affirming a judgment of the Supreme Court, Queens County, rendered October 26, 1993.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Bracken, J. P., S. Miller, O'Brien, and McGinity, JJ., concur.