■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARCADY YAKUBOVA, Appellant. [782 NYS2d 673]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Latella, J.), rendered February 28, 2002, convicting him of criminal sale of a firearm in the third degree, criminal possession of a weapon in the third degree (two counts),

and manufacture, transport, disposition, and defacement of weapons, dangerous instruments, and appliances under Indictment No. 20/01, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered February 28, 2002, revoking a sentence of probation previously imposed by the same court (Appelman, J.), upon a finding that he had violated a condition thereof, and imposing sentence upon his previous conviction of criminal possession of stolen property in the third degree under Indictment No. 4450/96.

Ordered that the judgment and the amended judgment are affirmed.

Contrary to the defendant's contentions, Indictment No. 20/01 (hereinafter the indictment) was not jurisdictionally defective. The first page of the indictment incorporated by specific reference the statutes that the defendant allegedly violated. The language of the counts of the indictment in question tracked the statutory language. The defendant was afforded fair notice of the charges against him and the indictment was not jurisdictionally defective (*see People v Ray,* 71 NY2d 849, 850 [1988]; *People v Cohen,* 52 NY2d 584, 586-587 [1981]). Moreover, the indictment was further amplified in the bill of particulars, providing the defendant with the notice to which he was entitled (*see People v Morris,* 61 NY2d 290, 293 [1984]; *People v D'Amico,* 261 AD2d 635 [1999]).

The defendant failed to preserve for appellate review his claim that the evidence was legally insufficient to support his convictions, as he did not raise the specific challenges to the evidence at trial that he raises on appeal (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to prove that the defendant knowingly possessed and sold a firearm silencer and that the device on the weapon in question was, in fact, a silencer. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant also failed to preserve for appellate review his claim that the trial court's charge constituted an improper constructive amendment of the indictment, as he did not raise that issue at trial (*see* CPL 470.05 [2]; *People v Hernandez,* 273 AD2d 176 [2000]). In any event, the claim is without merit since the trial court's charge did not change the theory presented by the prosecution in the indictment and throughout the trial (*see People v Buanno,* 296 AD2d 600, 601 [2002]).

The defendant's remaining contentions, including those raised in his supplemental brief, either are unpreserved for appellate review, without merit, or not properly before this Court. Smith, J.P., Adams, Crane and Lifson, JJ., concur.