■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE GALES, Appellant. [813 NYS2d 328]—Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered July 14, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). Defendant failed to preserve for our review his contention that County Court "did not follow the requisite three-step procedure in evaluating his *Batson* challenge[ ]" (*People v Parker*, 304 AD2d 146, 156 [2003], *lv denied* 100 NY2d 585 [2003]; *see People v De Los Angeles*, 270 AD2d 196, 198 [2000], *lv denied* 95 NY2d 889 [2000]). In any event, in denying defendant's *Batson* challenge the court implicitly determined that the prosecutor's proffered reason for excusing the prospective juror at issue was not pretextual, and that determination is entitled to great deference (*see People v Dandridge*, 26 AD3d 779 [2006]; *Parker*, 304 AD2d at 156-157). Also unpreserved for our review is defendant's challenge to the admission of testimony that defendant threatened a prosecution witness immediately before the trial began (*see* CPL 470.05 [2]), and defendant in addition failed to preserve for our review his challenge to the sufficiency of the evidence concerning the chain of custody with respect to the gun (*see People v Mateo*, 282 AD2d 398 [2001], *lv denied* 96 NY2d 904 [2001]; *People v Moore*, 248 AD2d 405 [1998], *lv denied* 91 NY2d 1010 [1998]; *People v Rivera*, 213 AD2d 281, 282 [1995], *lv denied* 86 NY2d 740 [1995]). We decline to exercise our power to address those challenges as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.