Appeal from a judgment of the Supreme Court (Feldstein, J.), entered February 11, 2008 in Clinton County, which denied petitioner’s application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
In 1995, petitioner was convicted of burglary in the second *848 degree and was sentenced as a persistent violent felony offender to 15 years to life in prison. His conviction was later affirmed on appeal (People v Moore, 248 AD2d 405 [1998], lv denied 91 NY2d 1010 [1998]) and his subsequent application for a writ of error coram nobis was denied (People v Moore, 38 AD3d 683 [2007]). Petitioner then commenced the instant proceeding pursuant to CPLR article 70 for a writ of habeas corpus seeking to be released from prison. Supreme Court denied petitioner’s application without a hearing, resulting in this appeal.
In support of his application, petitioner contends that his waiver of indictment was jurisdictionally defective because he was not held over for grand jury action in accordance with CPL 195.10 and did not sign a written instrument waiving indictment under CPL 195.20. Inasmuch as this claim, albeit jurisdictional in nature, could have been raised on direct appeal or in a CPL article 440 motion, habeas corpus relief is unavailable (see People ex rel. McDermott v Artus, 38 AD3d 957 [2007], lv denied 8 NY3d 814 [2007]; see also People ex rel. Spaulding v Napoli, 50 AD3d 1330, 1331 [2008]; People ex rel. Alvarez v West, 22 AD3d 996, 996 [2005], lv denied 6 NY3d 704 [2006]). Under the circumstances presented, we find no reason to depart from traditional orderly procedure (see People ex rel. Spaulding v Napoli, 50 AD3d at 1331; People ex rel. Alvarez v West, 22 AD3d at 996).
Peters, J.P, Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.