Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered March 10, 2010, convicting him of criminal mischief in the third degree, petit larceny, and possession of burglar’s tools, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant failed to preserve for appellate review (see CPL 470.05 [2]; cf. People v Powell, 101 AD3d 756, 757 [2012]) his contention that the People failed to present legally sufficient evidence establishing that the cost of replacing underwater copper cable belonging to the Long Island Rail Road that he allegedly cut was in excess of $250 (see Penal Law § 145.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support the defendant’s conviction of criminal mischief in the third degree beyond a reasonable doubt (see People v Towsley, 85 AD3d 1549, 1550 [2011]; People v Butler, 70 AD3d 1509, 1509 [2010]; People v Dixon, 184 AD2d 725, 726 [1992]; People v Woodard, 148 AD2d 997, 997-998 [1989]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that certain testimony presented at trial was inconsistent with testimony presented to the grand jury and that, therefore, the People changed their theory of the case is unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, is without merit.
*835 The defendant’s contention that the People failed to establish the chain of custody for certain physical evidence recovered from the scene of the charged offenses is unpreserved for appellate review (see People v Mateo, 282 AD2d 398, 398 [2001]; People v Moore, 248 AD2d 405, 405 [1998]). In any event, the People established a sufficient chain of custody for the items offered into evidence (see People v Gibson, 28 AD3d 576, 576 [2006]).
Contrary to the defendant’s contention, the Supreme Court providently exercised its discretion, and did not deprive him of the right to confront adverse witnesses against him, when it denied his request to recall a prosecution witness for further cross-examination (cf. People v Legere, 81 AD3d 746, 750 [2011]; People v Francisco, 44 AD3d 870, 870 [2007]). Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur.