■ The People of the State of New York, Respondent, v Willie Williams, Appellant. [17 NYS3d 509]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered June 14, 2013, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was indicted on charges of assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, arising from an altercation during which he allegedly assaulted the complainant with a hammer. Following a jury trial, he was convicted of assault in the second degree. On appeal, the defendant contends that the prosecutor's summation and the Supreme Court's jury charge impermissibly varied from the theory of the indictment by suggesting that he could have used any dangerous instrument to assault the complainant. However, the defendant's challenges to both the prosecutor's summation and the jury charge are unpreserved for appellate review. The defendant either failed to object to the allegedly improper summation comments, made only general objections to those comments, or failed to request curative instructions when his objections were sustained (*see People v Gibson*, 106 AD3d 834 [2013]; *People v Yakubova*, 11 AD3d 644 [2004]; *People v Malave*, 7 AD3d 542 [2004]). The defendant also failed to object to the jury charge (*see* CPL 470.05 [2]).

In any event, the defendant's contention that the prosecutor's summation and the jury charge impermissibly varied from the theory of the indictment is without merit. The purpose of an indictment is to provide a defendant "with fair notice of the charges against him or her, and of the manner, time, and place of the conduct underlying the accusations, so as to enable the defendant to answer the charges and prepare an adequate

defense" (*People v Atta*, 126 AD3d 713, 715 [2015]). "Proof at trial that varies from the indictment potentially compromises two of the functions of the indictment—notice to the accused and the exclusive power of the Grand Jury to determine the charges" (*People v Grega*, 72 NY2d 489, 496 [1988]). Here, although the prosecutor and the Supreme Court made reference to a dangerous instrument, both the summation and the jury charge also specified that the dangerous instrument at issue was a hammer (*see People v Grega*, 72 NY2d 489 [1988]). Thus, the prosecutor's summation and the jury charge did not change the theory of the case, or deprive the defendant of fair notice.

The defendant's remaining contentions are without merit. Mastro, J.P., Leventhal, Duffy and Barros, JJ., concur.