# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

580

KA 11-01833

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

RICHARD BECRAFT, JR., DEFENDANT-APPELLANT.

---

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (PATRICK J. MARTHAGE OF COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARD BECRAFT, JR., DEFENDANT-APPELLANT PRO SE.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered May 11, 2010. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of predatory sexual assault against a child (Penal Law § 130.96). Defendant contends that the disparity between the plea offer and the sentence he received after trial establishes that he was punished for asserting his right to a jury trial. Defendant failed to preserve that contention for our review (*see People v Garner*, 136 AD3d 1374, 1374; *People v Coapman*, 90 AD3d 1681, 1683-1684, *lv denied* 18 NY3d 956), and it is without merit in any event. " 'Given that the *quid pro quo* of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater, it is also to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea' " (*People v Martinez*, 26 NY3d 196, 200). Furthermore, the plea offer here was to a class B violent felony, and defendant was convicted of a class A-II felony. In addition, "[d]efendant's rejection of the plea offer . . . required the victim to testify about the sexual abuse at trial, a factor . . . recognized as a legitimate basis for the imposition of a more severe sentence after trial than that which the defendant would have received upon a plea of guilty" (*id.*). The imposition of the maximum sentence was not an act of vindictiveness, but was a reflection of the heinous nature of the crime, the enduring harm to the victim, and defendant's

unwillingness to accept responsibility for the crime (*see id.; People v Lombardi*, 68 AD3d 1765, 1765-1766, *lv denied* 14 NY3d 802).  We reject defendant's further contention that the sentence is unduly harsh and severe.

Defendant contends in his pro se supplemental brief that County Court erred in admitting a recorded telephone conversation between defendant and the victim because the People failed to establish a proper chain of custody of the recording.  That contention is not preserved for our review (*see People v Gibson*, 106 AD3d 834, 835; *People v Gales*, 28 AD3d 1163, 1163, *lv denied* 7 NY3d 756) and, in any event, it lacks merit.  The People laid a proper foundation for the admission of the recording through the testimony of both the victim and the officer who conducted the controlled telephone call that the recording accurately reflected the complete conversation between the victim and defendant (*see People v Ely*, 68 NY2d 520, 527).  Under those circumstances, the People were not required to show a chain of custody before seeking to admit the recording in evidence (*see id.* at 527-528; *People v Dicks*, 100 AD3d 528, 528).  Defendant's further contention in his pro se supplemental brief that he was denied effective assistance of counsel is based on matters outside the record and therefore must be raised by a motion pursuant to CPL article 440 (*see People v Cooper*, 134 AD3d 1583, 1586; *People v Washington*, 122 AD3d 1406, 1406, *lv denied* 25 NY3d 1173).  We have examined the remaining contentions of defendant raised in his pro se supplemental brief and conclude that none requires reversal or modification of the judgment.

Entered:  June 10, 2016                    Frances E. Cafarell
                                           Clerk of the Court