People v Whitman (2020 NY Slip Op 08088)





People v Whitman


2020 NY Slip Op 08088


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-02714
 (Ind. No. 43/16)

[*1]The People of the State of New York, respondent,
v
Suzanne Whitman, appellant.


Carol Kahn, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of
counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), dated January 24, 2017, convicting her of grand larceny in the second degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to grand larceny in the second degree (Penal Law § 155.40[1]), for transferring money in excess of the sum of $50,000 for her own personal benefit from two bank accounts belonging to her employer. As part of her sentence, the defendant was required to make restitution to Ulster Savings Bank (hereinafter Ulster) in the amount of $61,189.85, pursuant to Penal Law § 60.27(1).
The defendant's contentions regarding the propriety of the restitution order are unpreserved for appellate review, since the defendant failed to object in the County Court to the payment of restitution to Ulster, failed to object to the amount of restitution, and failed to request a restitution hearing (see People v Horne, 97 NY2d 404, 414 n 3; People v Callahan, 80 NY2d 273, 281; People v Isaacs, 71 AD3d 1161).
In any event, Penal Law § 60.27 does not preclude an order of restitution to a person or entity other than the direct victim of the crime, when that entity has in fact sustained the loss (see People v Hall-Wilson, 69 NY2d 154, 157-158; People v Yong Ho Han, 220 AD2d 632). A hearing is only mandated under the statute "[i]f the record does not contain sufficient evidence to support [the restitution] finding or upon request by the defendant" (Penal Law § 60.27[2]; see People v Kim, 91 NY2d 407, 410), neither of which is the case here.
The defendant's claim of ineffective assistance of counsel is belied by her acknowledgment at the plea proceeding that she was satisfied with the representation of her attorney (see People v Haffiz, 77 AD3d 767, 768). The record demonstrates, moreover, that the defendant received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel (see People v Wright, 95 AD3d 1046).
DILLON, J.P., MILLER, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court