People v Fernandez (2021 NY Slip Op 05979)





People v Fernandez


2021 NY Slip Op 05979


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2017-05717
 (Ind. No. 2358/14)

[*1]The People of the State of New York, respondent,
v
Dayson Fernandez, appellant.


Patricia Pazner, New York, NY (Sean H. Murray of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Katherine A. Triffon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered April 4, 2017, convicting him of robbery in the first degree (four counts) and robbery in the second degree (four counts), upon a jury verdict, and sentencing him to determinate terms of imprisonment of 20 years to be followed by 5 years of postrelease supervision on the convictions of robbery in the first degree, and determinate terms of imprisonment of 10 years to be followed by 5 years of postrelease supervision on the convictions of robbery in the second degree, with the sentences imposed on the convictions of robbery in the first degree to run consecutively to each other and concurrently with the sentences imposed on the convictions of robbery in the second degree, and the sentences imposed on the convictions of robbery in the second degree under counts 2, 4, and 6 of the indictment to run consecutively to each other and concurrently to the sentence imposed on the conviction of robbery in the second degree under count 7 of the indictment.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, (1) by vacating the convictions of robbery in the second degree under counts 2 and 4 of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment, and (2) by providing that all of the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant was convicted, after a jury trial, of four counts of robbery in the first degree (Penal Law § 160.15[4]) and four counts of robbery in the second degree (id. § 160.10[1], [2][a]) in connection with robberies of four cab drivers in Queens in July 2014. The defendant was sentenced to determinate terms of imprisonment of 20 years to be followed by a period of 5 years of postrelease supervision on each count of first-degree robbery and determinate terms of 10 years to be followed by a period of 5 years of postrelease supervision on each count of second-degree robbery. The Supreme Court directed that the sentences imposed for each conviction of first-degree robbery were to run consecutively to each other and concurrently with the sentences imposed on the convictions of second-degree robbery, and the sentences imposed on the convictions of second degree robbery under counts 2, 4, and 6 of the indictment were to run consecutively to each other and concurrently with the sentence imposed on the conviction of second-degree robbery under count 7 of the indictment.
On appeal, the defendant contends that the Supreme Court improperly constructively amended the indictment, that two of the second degree robbery convictions must be dismissed, and that the sentence imposed was excessive.
The defendant failed to preserve for appellate review his claim that the Supreme Court's charge constituted an improper constructive amendment of the indictment, as he did not raise that issue at trial (see CPL 470.05[2]; People v Yakubova, 11 AD3d 644, 645; People v Harvey, 212 AD2d 730). In any event, the claim is without merit, since the court's charge did not change the theory presented by the prosecution in the indictment and throughout the trial (see People v Buanno, 296 AD2d 600, 601).
As the People concede, the defendant correctly contends that his convictions of robbery in the second degree under counts 2 and 4 of the indictment must be vacated, as there was no evidence that he was "aided by another person actually present" (Penal Law § 160.10[1]; see People v Hedgeman, 70 NY2d 533).
The sentence was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
DILLON, J.P., CHRISTOPHER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court