People v Aamir (2022 NY Slip Op 01459)





People v Aamir


2022 NY Slip Op 01459


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2016-11506
 (Ind. No. 5973/14)

[*1]The People of the State of New York, respondent,
v
Sulaiman Aamir, appellant.


Patricia Pazner, New York, NY (Sean H. Murray of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Michelle Maerov of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn J. Laporte, J.), rendered January 11, 2016, convicting him of criminal tax fraud in the first degree, offering a false instrument for filing in the first degree (nine counts), and falsifying business records in the first degree (nine counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his convictions of one count of criminal tax fraud in the first degree, nine counts of offering a false instrument for filing in the first degree, and nine counts of falsifying business records in the first degree based upon his failure to report tobacco product purchases on nine monthly tax forms and his consequent failure to pay more than $1,000,000 in tobacco excise tax is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to prove the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant argues that the Supreme Court erred in admitting a handwritten business ledger and 296 purchase invoices into evidence. The defendant's contention that the People failed to authenticate these exhibits is without merit (see People v Jackson, 125 AD3d 1002, 1003). The defendant's further contention that the exhibits contained inadmissible hearsay is unpreserved for appellate review (see CPL 470.05[2]; People v Foy, 187 AD3d 782, 783). In any event, the ledger was admissible under the exception to the hearsay rule for party admissions (see People v Moore, 89 AD3d 769, 770), and the invoices were admissible as adoptive admissions (see People v Oliver, 193 AD3d 1081, 1082).
The testimony of the People's expert did not deprive the defendant of a fair trial. The Supreme Court properly allowed the expert to testify as to his calculation of the defendant's unreported tobacco purchases and unpaid tobacco taxes. Where the subject matter is beyond the ken of the average factfinder, "it matters not whether the [expert] testimony relate[s] to the ultimate issue in the case" (People v Hicks, 2 NY3d 750, 751; see People v Lurie, 249 AD2d 119, 121-123). The defendant's further contention that the expert's testimony was otherwise improper is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit (see People v Sharpe, 185 AD3d 965, 966; People v Sosa-Marquez, 177 AD3d 1003, 1004).
The defendant also failed to preserve for appellate review his contention that the Supreme Court's charge constituted an improper constructive amendment of the indictment (see CPL 470.05[2]; People v Yakubova, 11 AD3d 644, 645). In any event, the contention is without merit since the court's charge did not change the theory presented by the prosecution in the indictment and throughout the trial (see People v Yakubova, 11 AD3d at 645).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708).
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court