People v White (2025 NY Slip Op 02091)

People v White

2025 NY Slip Op 02091

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2015-01553
 (Ind. No. 2710/12)

[*1]The People of the State of New York, respondent,
v
Paul White, appellant.

Paul White, Coxsackie, NY, appellant pro se.
Raymond A. Tierney, District Attorney, Riverhead, NY (Thomas C. Costello and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (James C. Hudson, J.), rendered January 29, 2015, convicting him of grand larceny in the second degree (seven counts) and scheme to defraud in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
For his execution of a scheme to defraud investors through which the defendant fraudulently secured over $50,000 from each investor, the defendant was convicted of seven counts of grand larceny in the second degree, as well as one count of scheme to defraud in the first degree (Penal Law §§ 155.40, 190.65). While the defendant contends that he is actually innocent of these charges, the defendant's claim of actual innocence is not properly raised on this direct appeal, as the appropriate forum for a claim of actual innocence is a CPL 440.10 proceeding. Such claims pertain to "'factual innocence, not mere legal insufficiency of evidence of guilt, and must be based upon reliable evidence which was not presented at the trial'" (People v Green, 201 AD3d 814, 815, quoting People v Hamilton, 115 AD3d 12, 23). To the extent that this issue was raised by the defendant in a postconviction motion to vacate the judgment of conviction pursuant to CPL 440.10, it is not properly before us because the defendant was denied leave to appeal from the order denying that motion (see People v Robinson, 187 AD3d 1216, 1218).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, the direct and circumstantial evidence adduced at trial demonstrated that he did not have permission or authority to use the subject funds in the manner he chose, and supported an inference of larcenous intent (see People v Mitchell, 188 AD3d 1103, 1104). Additionally, the defendant's intent to never repay his investors "can be inferred from, among other things, his pattern of targeting older clients, his record of failing to repay large sums of money in full or not at all, his repeated failure to follow through on specific requests from his clients that he return their initial investment, his repeated excuses for such failure, and his attempts to evade their efforts to contact him" (People v DeDeo, 59 AD3d 846, 850-851). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see [*2]CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the People changed their theory of prosecution during trial is unpreserved for appellate review (see CPL 470.05[2]; People v McDonnell, 201 AD3d 951; People v Gibson, 106 AD3d 834) and, in any event, without merit (cf. People v Martinez, 83 NY2d 26, 32; People v Aamir, 203 AD3d 839).
The defendant's contention that the prosecution prevented him from presenting certain witnesses at trial is premised on proceedings, affidavits, and conversations that are dehors the record, and cannot be reviewed on direct appeal (see People v Devitt, 214 AD3d 825, 826).
The defendant was afforded the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137, 146-147). The defendant failed to demonstrate the existence of a potential conflict of interest regarding his trial attorney that actually affected or operated on the conduct of his defense (see People v Beckerman, 215 AD3d 881, 882). The defendant's contention, in effect, that his right to a speedy trial pursuant to CPL 30.30 was violated because the People were not ready for trial until they filed an amended bill of particulars to include an alternate theory on the charges of grand larceny in the second degree is without merit (see People v Morales, 109 AD3d 759; see generally People v Sinistaj, 67 NY2d 236, 239-240), and therefore, counsel cannot be deemed ineffective for failing to advance this contention before the trial court (see People v Caban, 5 NY3d 143, 152).
The defendant's contentions regarding the propriety of the restitution order are unpreserved for appellate review, since the defendant failed to object to the payment of restitution, failed to object to the amount of restitution, and failed to request a restitution hearing (see People v Horne, 97 NY2d 404, 414 n 3; People v Whitman, 189 AD3d 1620, 1621; People v Isaacs, 71 AD3d 1161).
The defendant's remaining contentions are either without merit or academic in light of our determination.
CONNOLLY, J.P., GENOVESI, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court